ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF AUGUST 7, 1990, IN WHICH YOU REQUEST CLARIFICATION OF THE OKLAHOMA STATUTES REGARDING THE LIABILITY TO A LANDOWNER WHICH MIGHT RESULT FROM ALLOWING INDIVIDUALS TO HUNT, TRAP, FISH, OR OBSERVE NATURE ON PRIVATE LANDS. IN PARTICULAR, YOU ASK WHAT PROTECTION IS PROVIDED BY 76 O.S. 11/76 O.S. 12 SECTIONS 11 AND 12 OF TITLE 76.
A RESPONSE IS SOMEWHAT DIFFICULT DUE THE GENERALITY OF YOUR REQUEST. IN ADDITION, SINCE OKLAHOMA'S STATUTES REGARDING RECREATIONAL LAND USE WERE ENACTED IN 1965, NO COURT THAT I AM AWARE OF HAS EVER CONSTRUED THEM.
THE STATUTES WERE ENACTED IN AN OBVIOUS ATTEMPT TO ALTER IN SOME RESPECTS THE COMMON LAW REGARDING LANDOWNER LIABILITY. UNDER THE COMMON LAW, THE DUTIES OWED TO AN ENTRANT ON THE LAND OF ANOTHER DEPENDED UPON THAT ENTRANT'S STATUS AS EITHER AN INVITEE, A LICENSEE, OR A TRESPASSER. BY ENACTING SECTIONS 11 AND 12 OF TITLE 76, THE LEGISLATURE HAS, IN EFFECT, CREATED A FOURTH CATEGORY OF ENTRANT, THE RECREATIONAL USER.
IT IS IMPOSSIBLE TO PREDICT WHAT PROTECTION IS PROVIDED TO LANDOWNERS BY SECTIONS 11 AND 12. AS WITH ANY REQUEST INVOLVING THE APPLICATION OF LAW TO PARTICULAR FACTS OR ACTIVITIES, THE RESPONSE IS ALWAYS DEPENDENT UPON AN ANALYSIS OF THE SPECIFIC FACTS OF THE SITUATION AT HAND.
(SHARON K. O'ROKE)